IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TYLER FITZGERALD RAYBON-TATE<br>#485797,<br><br>    Plaintiff,<br><br>v.<br><br>DERRICK SCHOFIELD, et al.,<br><br>    Defendants. | Case No. 3:15-cv-00322<br>Judge Trauger/Knowles |

## REPORT AND RECOMMENDATION

The undersigned previously submitted a Report and Recommendation (Docket No. 78) recommending that Defendants' Motion for Summary Judgment (Docket No. 71) be granted. As will be discussed in greater detail below, Judge Trauger rejected that Report and Recommendation and returned this case to the undersigned with instructions. Docket No. 87.

In their Motion, Defendants argued that the pro se prisoner Plaintiff had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. The Motion was supported by the affidavit of Brandi McClure, the grievance chairperson at the Riverbend Maximum Security Institution ("RMSI").

Plaintiff's Verified Complaint essentially averred that he had been assaulted several times while he was housed at South Central Correctional Facility ("SCCF") in 2014. He previously filed a separate lawsuit against Warden Arvil Chapman regarding those alleged assaults. *Raybon-Tate v. Chapman*, No. 1:14-00100, United States District Court for the Middle District of Tennessee. In *Chapman*, Judge Haynes entered an Order requiring the transfer of Plaintiff

from SCCF to Charles Bass Correctional Complex ("CBCX"). He avers in the instant Complaint that Judge Haynes ordered a copy of a hearing transcript in *Raybon-Tate v. Chapman* to be sent to Commissioner Schofield "for them to look into my assault situation and for them to fix the problem to prevent it from happening again." Docket No. 1, p. 4. He essentially claims that Defendants in the case at bar failed to properly list his "incompatibles," which led to an assault upon him on January 22, 2015.[1] In his Verified Complaint, he states in part:

> On 1-22-15, I asked and filed an Emergency Grievance do [*sic*] to my assault and I got no response and I have also filed exactly 8 other inmate grievances about that situation. And I never received any response but 1 time in written documentation and 1-time I received an verbal response from the Deputy Warden here at C.B.C.X. . . . .

Docket No. 1, p. 6.

Defendants' Motion for Summary Judgment was based upon an argument that Plaintiff failed to exhaust his administrative remedies with regard to the assault at issue in this case. Docket Nos. 71, 72. Ms. McClure's Affidavit stated in relevant part:

> 2. I am currently employed by the Tennessee Department of Correction ("TDOC") as a Corporal and in such capacity; I serve as the Grievance Chairperson at the Riverbend Maximum Security Institution.
>
> 3. At the request of the Tennessee Attorney General's Office, I have reviewed inmate Tyler Fitzgerald Raybon-Tate's official TDOC prison grievance log. A true and correct copy of the log from August 31, 2015 through the present is attached hereto.
>
> 4. TDOC grievance information is tracked using the Tennessee Offender Management Information System, or TOMIS, and all grievances appropriate to the designated grievance process are logged therein.

---

[1]The alleged assault was perpetrated at the Davidson County Criminal Courthouse by two other inmates who were incarcerated at CBCX.

> 5. Inmate Raybon-Tate has filed three grievances appropriate to the designated grievance process since he has been incarcerated with the Tennessee Department of Correction. These grievances were filed on August 31, 2015, October 8, 2015, and December 28, 2015.
>
> 6. As of [February 22, 2016], only the grievance filed on August 31, 2015 was appealed to the final stage of the grievance process.
>
> 7. Pursuant to policy 501.01(VI)(C)(1), an inmate must file a grievance on Form CR-1934 within seven days of the occurrence of the event giving rise to said grievance.
>
> 8. Once a grievance is appealed to all three levels, the grievance process is complete.
>
> 9. If the grievance chairperson determines that an inmate has filed a grievance on a matter that he or she determines to be nongrievable, a CR-3689 form shall be used to inform the inmate of the inappropriate grievance.
>
> 10. The grievant may still appeal that decision to the Warden and then to the Commissioner or his designee, in order to satisfy the requirement that he exhaust the grievance process. In this case, it does not appear that the inmate at issue utilized the grievance process (all levels) other than the afore mentioned August 31, 2015 grievance.
>
> 11. In the event the inmate chooses to pursue an inappropriate grievance in order to satisfy the exhaustion requirement, the grievance would be logged into the TOMIS Grievance Report, even though it was inappropriate.

Docket No. 74, p. 1-2.

Plaintiff filed a Verified Response to the Motion for Summary Judgment. Docket No. 77.

The undersigned noted in the previous Report and Recommendation:

> As relates to the exhaustion of administrative remedies, Plaintiff, in his Verified Response, conclusorily argues that he "did follow the proper protocol with the TDOC grievance system," but that "with them being in control of the grievance system [,t]hey are able

to hide and cover up what they do not want to be seen."

Docket No. 78, p. 2.

Based upon the foregoing, the Report and Recommendation stated:

> It is undisputed that Plaintiff has filed grievances . . . It is also undisputed that Plaintiff has appealed only one of those grievances through all three appeal levels to exhaustion, and that that exhausted grievance was filed five months *after* the filing of the instant action . . . As discussed above, however, the filing of an initial grievance is not sufficient to satisfy the requirements of § 1997e(a). Rather, the PLRA exhaustion of prison administrative remedies requires a prisoner to pursue his prison grievance through the final level of administrative appeal. . . . Because Plaintiff did not appeal his relevant grievances through all three appeal levels prior to filing the instant action, he has failed to exhaust his administrative remedies as required by the PLRA, and Defendants' Motion should be GRANTED.

Docket No. 78, p. 11.

Judge Trauger subsequently rejected the Report and Recommendation. Judge Trauger's Order stated in full:

> On May 20, 2016, the magistrate judge issued a Report and Recommendation (Docket No. 78). The pro se plaintiff has filed a "Statement of Undisputed Material Facts" (Docket No. 81) and "Motion Statement of Undisputed Material Facts" (Docket No. 82), which the Court will construe as timely objections to the Report and Recommendation.
>
> Because these documents seem to evidence at least the fact that the plaintiff filed a grievance in January 2015, to which he received a response and which is not evidenced on the official TDOC Prison Grievance Log for the plaintiff (Docket 74 at 4), the court feels it is in the interest of justice for the magistrate judge to scrutinize the two documents filed by the plaintiff on May 31, 2016 and consider them part of the plaintiff's response to the defendants' "Motion for Summary Judgment" (Docket No. 71). Rule 72(b)(3), Federal Rules of Civil Procedure. For these reasons, the Report and Recommendation is REJECTED.

4

Docket No. 87.

As discussed above, Plaintiff did not initially respond to the "Statement of Undisputed Material Facts" submitted by Defendants with their Motion for Summary Judgment. Docket No. 73. After the undersigned submitted his Report and Recommendation, Plaintiff filed a handwritten document responding to Defendants' Statement of Undisputed Material Facts. Defendants first undisputed material fact was: "1. Since he has been incarcerated, the plaintiff has filed a total of three grievances in accordance with the procedures set forth in the applicable TDOC policy. (Affidavit of Brandi McClure, ¶5)." Docket No. 81. Plaintiff's response was:

> At this time, I have a memorandum from the Grievance Chairman corporal Mr. Moore, from Charles Bass Correctional Complex, dated January, 27, 2015, which proves that the defendants' claim that I have only filed three-grievances since I've been incarcerated in actually false, which discredits the Affidavit of corporal Ms. Brandi McClure. And which also proves my point that T.D.O.C. is corrupt and will do anything to try to manipulate the Justice System.

Docket No. 81, p. 1.

Plaintiff attached to the Statement of Undisputed Material Facts a copy of a memorandum dated January 27, 2015 to Plaintiff from "Corporal Moore, Grievance Chairman" regarding "Grievance response." Docket No. 81, p. 4. That memorandum states in relevant part:

> I am returning your grievance to you because it is not an **Emergency grievance** which is - the resolution of a grievance that is subjected to the normal time limits could cause the grievant substantial risk of personal injury or irreparable harm.

(Boldface in original.)

For whatever reason, Plaintiff did not submit a copy of the grievance at issue in the case at bar. In his lawsuit against Warden Arvil Chapman, however, Plaintiff did submit a copy of a

5

grievance dated 1-26-2015. A copy of that grievance is attached to the instant Report and Recommendation as Appendix 1.

It is unclear to the Court why this grievance was not mentioned in the Affidavit of Cpl. McClure. Perhaps it was never logged into the TOMIS system because it was returned to Plaintiff. Perhaps the grievance was viewed as not being "appropriate to the designated grievance process . . . ." Perhaps Plaintiff did not choose "to pursue an inappropriate grievance in order to satisfy the exhaustion requirement . . . ."

The Court, however, does not agree with Plaintiff's argument that the memorandum of Mr. Moore "proves that the defendants' claim [that Plaintiff has] only filed three-grievances since [he has] been incarcerated is actually false . . . ."

The Record is simply unclear with regard to these matters. It is clear, however, that in ruling upon a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Additionally, the burden is upon the moving party to show he is entitled to summary judgment; the burden is not on the non-moving party to show that the moving party is not entitled to summary judgment. *Celotex v. Catrett*, 477 U.S. 317 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989). Defendants have not shown that there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law.[2]

For the foregoing reasons, the undersigned recommends that Defendants' Motion for

---

[2]Judge Trauger's Order also directed the undersigned to scrutinize Plaintiff's "Motion Statement of Undisputed Material Facts" (Docket No. 82). Docket No. 87. That "Motion" essentially argues that the affidavit of Cpl. McClure was "actually false." In view of the undersigned's recommendation, it is unnecessary to consider the "Motion" further.

6

Summary Judgment (Docket No. 71) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                                                                                                 _____
E. CLIFTON KNOWLES
United States Magistrate Judge