UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| TYLER FITZGERALD RAYBON-TATE | ] | |
| --- | --- | --- |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:15-0322 |
| | ] | Judge Trauger |
| DERRICK SCHOFIELD, et al. | ] | |
| Defendants. | ] | |

# M E M O R A N D U M

On February 22, 2016, the defendants filed a Motion for Summary Judgment (Docket Entry No. 71). The Motion alleges that the plaintiff failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e.

In response to the Motion, the Magistrate Judge issued a Report and Recommendation (Docket Entry No. 78), recommending that the defendants' Motion for Summary Judgment should be granted.

Shortly after the issuance of the Report and Recommendation, the plaintiff filed a Response (Docket Entry No. 81) to the defendants' Statement of Undisputed Material Facts (Docket Entry No. 73) and his own Statement of Undisputed Material Facts (Docket Entry No. 82).

The Court construed the plaintiff's Response and Statement of Undisputed Material Facts as timely objections to the Report and Recommendation. These objections offered evidence that suggests that the plaintiff may have in fact exhausted his administrative remedies. For that reason, the Court rejected the Report and Recommendation, with instructions for the Magistrate Judge to

1

reconsider the Motion for Summary Judgment in light of the new evidence provided by the plaintiff. Docket Entry No. 87.[1]

Before the Court is a second Report and Recommendation (Docket Entry No. 94) from the Magistrate Judge, recommending that the Motion for Summary Judgment be denied. The defendants have filed timely objections (Docket Entry No. 99), to which the plaintiff has submitted a Response (Docket Entry No. 103).

Summary judgment is appropriate when the moving parties show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P.

A prisoner may not bring any suit with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The defendants have provided an Affidavit from Brandi McClure, Grievance Chairperson at Riverbend, stating that she reviewed the grievance log and found that the plaintiff had not filed any grievances prior to initiating the instant action. Docket Entry No. 74. The plaintiff, on the other hand, has provided the copy of a grievance he filed that, while it was not recorded in the grievance log, directly contradicts McClure's Affidavit. Docket Entry No. 94-1. Plaintiff's grievance was apparently returned to him as being inappropriate. He claims that he resubmitted the grievance on the same day and that he did appeal the grievance to the Commissioner of the Tennessee Department of Correction. Docket Entry No. 103 at pgs. 2 and 3.

These allegations have created a genuine dispute as to a material fact. The Magistrate Judge

---

[1] The new evidence consists of the copy of a grievance filed by the plaintiff that was not recorded in the institutional log. Docket Entry No. 94-1.

recognized this when he concluded that the Motion for Summary Judgment should be denied. This Court agrees with that conclusion. *See* Holbrook v. Boyd County, Ky., 2011 WL 3444294 (6th Cir.; 8/8/11)(a genuine issue of material fact existed as to whether the prisoner plaintiff had exhausted his administrative remedies, precluding summary judgment).

As a consequence, the defendants' objections will be overruled. The Report and Recommendation shall be adopted and approved in all respects, and this action shall proceed toward a disposition on the merits.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge